LYONS, JUDGE:
The claims of Jimmie A. and Eula R. Currence and Loren and Relia Currence were consolidated for the purpose of hearing. A motion to bifurcate the hearing was sustained by the Court. The claims were heard as to the matter of liability only. On June 13, 1982, claimants Jimmie Currence and Loren Currence were traveling in a 1978 Dodge van from their home in Mabie, West Virginia, toward Buckhannon, West Virginia, on U.S. Route 33. At Excelsior, West Virginia, the claimants were involved in an accident when another van, traveling eastbound on U.S. Route 33, hydroplaned on a large accumulation of water on the highway, crossing the water into the westbound lane of traffic into the van in which claimants were traveling. In the ensuing accident, the van in which claimants were riding was knocked on its side and slid down the highway, resulting in the injuries out of which these claims arose.
Claimant, Loren Currence, testified that he was the operator of the Dodge van on the date of the accident. He indicated that the sun was shining and that the road was dry. He and his brother, Jimmie Currence, who was seated in the right front passenger seat, were traveling to Buckhannon, West Virginia, to perform gospel music at a church. He testified that he had observed water in the road at the accident site on previous occasions. He stated that when he came around a slight curve, the van "came and hydroplaned in the water and struck us head-on... I was coming in my lane and he crossed, when he hit the water he lost control of his van and hit us head-on." It was later determined that *29 Truman H. Daniels was the operator of the van which hydroplaned and struck the van operated by Loren Currence.
Marvin G. Murphy, a civil engineer with the respondent, testified that the respondent had performed work in the area in which the accident occurred. A property owner, Mr. Baxa, had complained about water flowing onto his property from U.S. Route 33. In response to his claim, the respondent re-ditched the under side, or westbound side, of U.S. Route 33, cleaned the ditch and installed a pipe through a driveway, and constructed a ditch into a natural drain below or next to Mr. Baxa's barn. This work was performed to solve a problem of drainage or water on the Baxa property. This work was performed in September 1980. Mr. Murphy also testified that there were no further water problems at this location (the Baxa property) until the date of the accident involving the claimants. Upon questioning as to the reason for the water remaining on the highway on the date of the accident, Mr. Murphy stated that "(T)he water should not have remained on the highway unless there was an obstruction or something that blocked the pipe.' He also testified that there was no particular schedule for inspecting and cleaning drainage structures for a particular area.
Wayne J. Simmons, a former U.S. Postal Service Rural Route Carrier, testified that he carried the mail through the area of Excelsior, Upshur County, for twelve years. He was carrying the mail prior to June 13, 1982, the date of the accident. He testified that water on the road was so bad that the U. S. Postal Service had to have three people move their mail boxes approximately fifty feet from where they had been. He placed the area of the water problem on photographs as being the area of the pooled water which is the subject of this claim. He also testified that "there would be it looked like three to four inches of water there every time you had a hard rain.' He also testified that he had reported, to the respondent, water on the road in the area on two occasions prior to the accident, and on one of these he called the Department of Highways office in Buckhannon, West Virginia.
Truman H. Daniels, the driver of the van which struck the van in which the claimants were traveling, was not present at the hearing, nor did either party offer his testimony at the hearing.
A careful review of the evidence reveals that U.S. Route 33 experienced other drainage problems at the site of the accident. Although the respondent had performed maintenance for water problems, the problem corrected was to solve excess water on the property of an adjacent land owner. As the pool of water which caused the accident, which is the subject of this claim, created a hazard for the traveling public, the Court is disposed to find that the respondent is liable to the claimants for the injuries which they each sustained as a result of the accident. The preponderance of the evidence is in favor of the claimants.
The Court directs the parties to inform the clerk when these claims may be scheduled for a hearing on the question of damages.